IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50911
Conference Calendar

_____

RONALD J. FARRELLY,

Plaintiff-Appellant,

versus

ANTONIO SIFUENTES, EL PASO POSTAL INSPECTOR,

Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CV-142
- - - - - - - - - - -
August 15, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Postal Service employee Ronald J. Farrelly appeals from the dismissal of his civil action for failure to state a claim. Farrelly contends that Postal Inspector Antonio Sifuentes was not entitled to qualified immunity; that the district court erred by analyzing his factual allegations separately rather than as a whole; and that the district court erred by applying a heightened pleading standard to his complaint without allowing him leave to amend the complaint.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Farrelly's action under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), was precluded by the Civil Service Reform Act (CSRA). *Rollins v. Marsh*, 937 F.2d 134, 138-39 (5th Cir. 1991). Because Farrelly had no *Bivens* cause of action, the district court did not err by dismissing his complaint. Because Farrelly was notified in Sifuentes's motion to dismiss of the defects in his complaint he sought to remedy but waited until after the dismissal of his complaint to move for leave to amend, the denial of his motion for leave to amend was not an abuse of discretion. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1162 (5th Cir. 1979). Finally, Farrelly's motion to supplement his reply brief is DENIED.

AFFIRMED.